UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22960-BLOOM/Otazo-Reyes

CHISHOLM PROPERTIES SOUTH BEACH, INC.,

    Plaintiff,

v.

ARCH SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Arch Specialty Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Complaint for Declaratory Relief, ECF No. [9] ("Motion"). Plaintiff Chisholm Properties South Beach, Inc. ("Plaintiff") filed a Response to Defendant's Motion, ECF No. [19] ("Response"), to which Defendant filed a Reply, ECF No. [20] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

Plaintiff initiated this action for declaratory judgment, pursuant to 28 U.S.C. § 2201, on August 16, 2021. ECF No. [1] ("Complaint"). Plaintiff purchased a commercial property insurance policy, Policy No. ESP 7303227-01, from Defendant effective during the period of April 15, 2017 to April 15, 2018. *Id.* ¶ 8; ECF No. [1-1] ("Policy"). According to the Complaint, on or about September 10, 2017, the subject commercial property was damaged as a result of Hurricane Irma. ECF No. [1] ¶¶ 11-12. Plaintiff and Defendant submitted the claim to appraisal, and in December

2019, the parties' designated appraisers agreed to an umpire. *Id.* ¶¶ 13-14. In June 2020, the appraisal award was entered. *Id.* ¶ 15; ECF No. [9-1]. The appraisal award provides, in pertinent part: (1) the actual cash value for the "window" loss is $290,875.00 (replacement cost value of $447,500.00 less depreciation of $156,625.00); (2) the "Ordinance & Law" coverage shall be "[a]s incurred, subject to policy provisions[;]" and (3) the "appraisal award reflects the agreed damages and costs associated with the damages" and "[t]he amounts . . . are subject to previous payments, deductible(s), depreciation (if applicable), the terms and conditions of the policy, and the laws of the State of Florida." ECF No. [1] ¶ 15; ECF No. [9-1] at 1. The umpire's estimate accompanying the award states the following as to the window loss: "[n]umerous window damages were noted during the inspection. Some which would require replacement, some which would require repairs. An allowance for each window 358 @ $1,250 was made to cover repair/replacement as required." ECF No. [1] ¶ 21; ECF No. [9-1] at 8.

Defendant paid out the appraisal award monies but withheld $156,625.00 in window-related depreciation and $78,249.00 in deductible. ECF No. [1] ¶ 16. Following the conclusion of appraisal, the parties engaged in discussions to arrive at a global resolution of Plaintiff's claim that "the withheld depreciation, the deductible, the obvious Ordinance or Law monies" should be attributed to the windows, as well as "coverage for professional expenses." *Id.* ¶ 17. The attempt for a global resolution resulted in an impasse and Plaintiff "was left with no choice other than to incur significant time and money developing a window-related Ordinance or Law portfolio to present to [Defendant.]" *Id.* ¶ 18.

In April 2021, Plaintiff completed its Ordinance or Law portfolio and transmitted it to Defendant. *Id.* ¶ 19; *see also* ECF No. [1-3] ("Portfolio"). Plaintiff alleges that "[t]he window-related Ordinance or Law portfolio developed by [Plaintiff's] enlisted professionals totaled

2

$1,499,600.00, which was not at all far off from the $1,000,000.00 [Plaintiff] had estimated during global resolution discussions and many months earlier." ECF No. [1] ¶ 19; *see also* ECF No. [1-3]. In transmitting the Ordinance or Law portfolio, Plaintiff requested that Defendant: (1) "release the $78,249.00 in deductible under industry absorption of deductible principles[;]" (2) "release the $156,625.00 in withheld window-related 'depreciation' in conjunction with covering the $1,499,600.00 window job[;]" and (3) confirm "that it would over the professional expenses incurred by [Plaintiff] in formulating the Ordinance or Law portfolio." *Id.* ¶ 20.

Thereafter, by letter dated July 15, 2021, "[Defendant] proclaimed that [Plaintiff's] Ordinance or Law claim was not covered." *Id.* ¶ 21; *see also* ECF No. [1-4] ("July Letter"). Plaintiff maintains that it suffered adverse effects due to Defendant's "wayward" claim and/or coverage determination. ECF No. [1] ¶ 22. For example, "[Plaintiff] was scheduled to undertake Property renovations to remain competitive in the hospitality industry over the last few years and has been unable to do so because it makes zero sense to complete such renovations until the subject window job has been performed" and "[Plaintiff] cannot reasonably complete the subject window job amidst [Defendant's] incorrect contention that no Ordinance or Law coverage is owed." *Id.*

Based on the foregoing, Plaintiff maintains that it is "presently in genuine doubt and uncertain as to its rights, status, and privileges under the Policy" regarding: (1) "its right to recoup deductible now (actually a long time ago)[;]" (2) "[Defendant's] obligation to provide Ordinance or Law coverage stemming from Hurricane Irma (and all intertwined coverages, such as coverage for professional expense and the release of withheld window-related 'depreciation')[;]" and (3) [Defendant's] two-year time-barred pronouncement (uttered for the first time by an Arch adjuster nearly four years after Hurricane Irma, and uttered in renege as to [Defendant's] agreement to keep the [c]laim open in relation to Ordinance or Law and other aspects of the [c]laim." *Id.* ¶ 30.

Defendant now seeks dismissal of the Complaint, raising five overarching arguments. ECF No. [9]. First, "[t]he plain language of the policy requires the application of the deductible to the loss" and "[t]here is no policy language that would suggest an occasion where payment of the deductible is not required." *Id.* at 7. Defendant contends that the appraisal award states, consistent with the policy, that "[t]he [awarded] amounts are subject to previous payments, deductible(s), depreciation (if applicable), the terms and conditions of the policy, and the laws of the State of Florida." *Id.*; *see also* ECF No. [9-1] at 1. Second, Defendant maintains that its obligations under the policy were satisfied—"[t]he umpire awarded $447,500.00 at replacement cost and applied $156,625.00 in depreciation to arrive at an actual cash value of $290.875.00, which [Defendant] paid." ECF No. [9] at 9. Third, "Plaintiff cannot recover replacement cost value or Ordinance or Law because Plaintiff has not repaired or replaced the windows" and, "[w]ithout such repairs, "there are no repair costs to indemnify." *Id.* at 10. Fourth, "[b]ecuase the property was not repaired or replaced within [two years], Plaintiff is not entitled to claim entitlement to Ordinance or Law pursuant to the policy's plan language." *Id.* at 11. Lastly, Plaintiff has no right to assert a claim for declaratory relief because an adequate remedy at law for breach of contract exists. *Id.* at 12.

Plaintiff responds with five main points. ECF No. [19]. First, the "only relevant inquiry" to the Court's dismissal analysis is Plaintiff's right to pursue the declarations as to coverage rights. *Id.* at 5. According to Plaintiff, the "biggest ticket" item is as follows:

> Chisholm wishes to resolve the parties' dispute (which such dispute arises out of Arch's adverse July 15, 2021, coverage position letter) now (rather than later) because of the prima facie "uncertainty" / "insecurity" lacing the situation – Ordinance or Law coverage is only triggered when incurred; *i.e.*, Chisholm has to undertake the approximate $1,500,000.00 window job out-of-pocket in order to someday enjoy reimbursement under the Policy's Ordinance or Law coverage. It is the "someday" that Chisholm is "insecure" about in the face of the carrier's adverse July 15, 2021, coverage position letter. And when dealing with such high value, Chisholm does not wish to roll the dice as to that "someday."

*Id.* at 6-7. Second, "absorption of deductible should have occurred in relation to the subject Hurricane Irma claim" in accordance with the policy and industry standard." *Id.* at 7. Third, Defendant conflates "direct window damage ($477,500.000 as determined by the binding appraisal process) with total amount needed to complete the window job (approximately $1,500,000.00, with approximately $1,000,000.00 of that being ordinance or law related.)" *Id.* at 13. Fourth, while Plaintiff agrees that "it is not entitled to an Ordinance or Law *benefits* until the window job is carried out" Plaintiff "quarrel[s] with [Defendant's] notion that [Plaintiff] is not entitled to Ordinance or Law *coverage* until the window job is carried out." *Id.* at 13. Finally, Plaintiff argues that its request for declaratory relief is proper because "[t]here is nothing in the law or in equity that requires [Plaintiff] to incur approximately $1,500,000.00 performing the overall window job on the hope that [Defendant] will straighten up, then submit a supplemental claim to [Defendant], then wait for [Defendant] to deny the claim, and then sue [Defendant] for breach of contract." *Id.* at 18-19.

The Motion is ripe for the Court's consideration.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

It is through this lens that the Court considers the Motion and the parties' arguments.

### III. DISCUSSION

As fully set forth above, Defendant argues that Plaintiff's Complaint for declaratory judgment must be dismissed because: (1) the plain language of the policy requires the application of the deductible to the loss; (2) there is no remaining controversy because the appraisal panel

determined the amount of the loss; (3) Plaintiff is not entitled to Ordinance or Law coverage under the policy; and (4) Plaintiff has an adequate remedy at law. *See generally* ECF No. [9].

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a court "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). "In all cases arising under the Declaratory Judgment Act, . . . the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). "[A] federal court has wide latitude and discretionary power in determining whether or not to declare the rights of the litigants." *Killian Palms Country Club & Sports Complex, Ltd. Liab. Corp. v. Scottsdale Ins. Co.*, No. 11-CIV-21978, 2011 WL 13223719, at *2 (S.D. Fla. Aug. 16, 2011) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 227, 286 (1995)).

"The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Schwab v. Hites*, 896 F. Supp. 2d 1124, 1132 (M.D. Fla. 2012) (internal citations and quotations omitted); *see also Norring v. Priv. Escapes, LLC*, No. 609-CV-2081ORL-19GJK, 2010 WL 963293, at *7 (M.D. Fla. Mar. 12, 2010) ("A motion to dismiss a complaint for declaratory judgment is not a motion on the merits."). Thus, determining whether Defendant is entitled to dismissal of the Complaint concerns whether Plaintiff may pursue declaratory relief as to the coverage determinations sought.

Upon review of the record and consideration of the parties' briefings, the Court finds that dismissal of the Complaint is warranted. First, while Plaintiff alleges that it "is presently in genuine doubt and uncertain as to its rights, status, and privileges under the Policy[,]" ECF No. [1] ¶ 30, it is apparent on the face of the Complaint that the "real dispute is a factual one." Here, Plaintiff has not alleged any ambiguity in terms of the insurance contract in need of construction. Rather,

the crux of Plaintiff's claim for declaratory judgment is that Defendant failed to fully compensate Plaintiff for the damage sustained to the property—*i.e,*. by withholding depreciation, deductible, Ordinance or Law coverage, and coverage for personal expenses.[1] *See Tobon v. Am. Sec. Ins. Co.*, No. 06-61912-CIV, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007) ("From the complaint it appears that the real dispute is a factual one concerning the existence of a loss and its valuation. Under these circumstances, dismissal of a claim for declaratory relief is proper."); *Girard v. Am. Sec. Ins. Co.*, No. 16-cv-61335, 2016 WL 4264054, at *2 (S.D. Fla. Aug. 12, 2017) ("Plaintiff's claim for declaratory relief must be dismissed because it seeks to resolve a factual or evidentiary issue, and does not amount to a bona-fide controversy between the parties."); *see also Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 246 (1952) ("[W]hen the request is not for ultimate determination of rights but for preliminary findings and conclusions intended to fortify the litigant against future regulation, it would be a rare case in which the relief should be granted." (internal citations omitted)).

Additionally, dismissal of the Complaint is also warranted because Plaintiff has failed to allege that it has performed its obligations under the policy—*i.e.*, that it repaired or replaced the damaged windows. The Loss Payment provision of the policy provides, in relevant part:

---

[1] Plaintiff concedes the existence of a factual dispute in its Response. Specifically, in arguing that the Complaint survives dismissal, Plaintiff maintains that the Motion improperly invites the Court to render fact-based decisions at this early stage of the proceedings:

> [T]he [Motion] invites (directly or indirectly) the Court to render *factual decisions*, such as: (1) Did the appraisal panel leave Ordinance or Law coverage unappraised / open? (2) Did the parties agree to keep the Claim open; *i.e.*, agree to something other than a two-year repair period following Hurricane Irma? And / or did [Defendant's] conduct preclude [Plaintiff] from making repairs within two years of Hurricane Irma? It is inappropriate to be asking the Court to make summary judgment like fact-based / merits-based determinations at this early juncture.

ECF No. [19] at 3 (emphasis added).

Case 1:21-cv-22960-BB   Document 26   Entered on FLSD Docket 02/07/2022   Page 9 of 11

Case No. 21-cv-22960-BLOOM/Otazo-Reyes

> **4.** Unless Paragraph **E.5.** applies, loss payment under Coverage C – Increased Cost of Construction Coverage will be determined as follows:
>
> a. We will not pay under Coverage **C**:
>
> (1) Until the property is actually repaired or replaced, at the same or another premises; and
>
> (2) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

ECF No. [1-1] at 96. Thus, in order to adequately allege entitlement to Ordinance or Law coverage, Plaintiff must plead that it has (1) repaired or replaced the windows; and (2) the repair or replacement was made as soon as reasonably possible after the loss, not to exceed two years. *Id.*; *see also Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013) ("Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written." (citation omitted)).

Here, Plaintiff concedes that "Ordinance or Law coverage is only triggered when incurred" and admits that it has not replaced the damaged windows. ECF No. [19] at 6-7, 13-14; *see also* ECF No. [1] ¶ 22 (alleging that "[Plaintiff] cannot reasonably complete the subject window job amidst [Defendant's] incorrect contention that no Ordinance or Law coverage is owed."). Plaintiff claims that it will replace the damaged windows if the Court orders that Ordinance or Law coverage is applicable. *See id.* at 7 (explaining that is concern of having to "undertake the approximate $1,500,000.00 window job out-of-pocket in order to *someday* enjoy reimbursement under the Policy's Ordinance or Law coverage" and it is that 'someday' that [Plaintiff] is 'insecure' about in the face of the carrier's adverse July 15, 2021, coverage position letter." (emphasis added)). According to Plaintiff, it "has the right to learn about [Defendant's] reimbursement requirements (vis-à-vis requested declaration) heading into the very expensive window job; *i.e.*,

before incurring the approximate $1,500,000.00 expense." *Id.* However, as Defendant correctly argues, given that the repairs have not taken place and Plaintiff asserts it will not undertake the repairs absent the Court's declaration, Plaintiff in essence is seeking an advisory opinion as to Ordinance or Law coverage. ECF No. [20] at 6. The Court declines the invitation to render an advisory opinion as to whether Plaintiff should repair the windows absent an ambiguity in the terms of the insurance contract in need of construction. *See Young v. Lexington Ins. Co.*, No. 18-62468-CIV, 2018 WL 7572240, at *2 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) ("The Declaratory Judgment Act is not to be used as a tool to advise attorneys as to the proper path to pursue"). *See also Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 741 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010) (same). For the foregoing reasons, Plaintiff is not entitled to a declaration of rights and the dismissal of the Complaint for declaratory relief is appropriate.[2]

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [9]**, is **GRANTED**.

2. The Complaint, **ECF No. [1]**, is **DISMISSED**.

---

[2] The Court notes that Plaintiff's claims, to the extent they may be cognizable, are better suited to a breach of contract. In a footnote in its Response, Plaintiff requests an opportunity to amend, and dismissal be entered without prejudice. ECF No. [19] at 19 n.13. However, Plaintiff's request is procedurally improper. The Eleventh Circuit has found that district courts do not abuse their discretion in denying leave to amend where the request appears in an opposition to a motion to dismiss. *See Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (district court "soundly rejected the [plaintiff's] infirm request" for leave to amend because "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly" (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (holding that a plaintiff's failure to request leave to amend anywhere outside of her opposition to the motion to dismiss "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint"); *see also* S.D. Fla. L.R. 15.1.

3. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 4, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record